| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | **JS-6** |

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01453-FWS-JDE  Date: October 31, 2023
Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [44]**

Before the court is Defendant Mazda Motor of America, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Liyila Marinova's ("Plaintiff") Second Amended Complaint ("SAC"). (Dkt. 44 ("Motion" or "Mot.").) The matter is fully briefed.[1] (Dkt. 45 ("Opposition" or "Opp."); (Dkt. 46 ("Reply").) Based on the state of the record, as applied to the applicable law, the court **GRANTS** Defendant's Motion, **DISMISSES WITHOUT PREJUDICE** the SAC, and **DENIES** leave to amend.

**I.  Background**

Given the parties' familiarity with the case and because the court previously summarized the factual basis underlying the instant dispute in its order on Defendant's previous motion to dismiss, (Dkt. 38 at 1-4), the court includes the SAC's allegations only as necessary.

---

[1] Plaintiff also filed a "Notice of Supplemental Authority" after Defendant filed the Reply, which provides further argument on Plaintiff's position on the applicable pleading requirements by analogy to an out-of-district, unpublished district court opinion. (Dkt. 47.) This filing was submitted without leave of court. Local Rule 7-10 prohibits the submission of briefing responsive to a reply absent such leave. Even if considered, this filing would not alter the court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01453-FWS-JDE            Date: October 31, 2023
Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.*

    Plaintiff owns a 2018 Mazda CX-9.[2] (Dkt. 41 ("SAC") ¶¶ 12, 42.) When Plaintiff purchased her car from a dealership, it was covered by a new car warranty, which included coverage required by the California Emissions Warranty. (*Id.* ¶ 43.) On August 21, 2021, Plaintiff serviced her car at a repair facility authorized by Defendant, where the servicer found coolant was leaking from a cylinder head ("Cylinder Head"). (*Id.* ¶¶ 44-45.) Defendant paid for some of the repair, but not pursuant to any warranty coverage, and Plaintiff paid the remainder. (*Id.* ¶ 45.) The SAC asserts that the Cylinder Head is covered by the California Emissions Warranty as a "high-priced emissions related-part" as defined by the California Code of Regulations, (*e.g.*, ¶ 46), and therefore Defendant should have covered the entire cost of repair under the California Emissions Warranty because she serviced it within 7 years or 70,000 miles, (*id.*). Plaintiff seeks to bring a class action on behalf of purchasers of vehicles incorporating the Cylinder Head and distributed by Defendant under the Mazda brand across California and other states that have adopted the California Emissions Warranty. (*Id.* ¶¶ 6, 144.)

    The court previously dismissed Plaintiff's First Amended Complaint ("FAC"), with leave to amend, for insufficiently alleging the inadequacy of a remedy at law necessary to invoke the court's equitable jurisdiction over Plaintiff's sole claim asserted under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). (Dkt. 38.) Defendant maintains the SAC fares no better, and seeks dismissal of this action, without leave to amend, for the SAC's asserted failure to sufficiently plead allegations indicating Plaintiff lacks an adequate remedy at law. (Mot. at 5-14.) Highlighting the SAC's new allegations, Plaintiff argues her allegations are sufficient to plead an inadequate remedy at law and seek injunctive relief.[3] (Opp. at 2-23.) Defendant asserts these and the rest of the SAC's allegations fail to move the needle any farther than the FAC's, and so dismissal is appropriate. (Reply at 1-10.)

---

[2] For purposes of the Motion, the court accepts the SAC's factual allegations as true and construes them in the light most favorable to Plaintiff. *E.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

[3] The Opposition includes a section regarding "FCA's Abstention and Primary Jurisdiction Arguments," (Opp. at 23-25); the court does not address these arguments because Defendant raises no such contentions and there is no "FCA" party in this action.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

**II.    Legal Standard**

    A.    Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing Starr, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

### III.  Discussion

A plaintiff seeking equitable relief under the UCL must demonstrate the inadequacy of a remedy at law, or the court must dismiss the claim for lack of equitable jurisdiction. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311-15 (9th Cir. 2022).  At the pleading stage, several courts, including this one, "generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Rodriguez v. FCA US LLC*, 2023 WL 3150075, at *3 (C.D. Cal. Mar. 21, 2023) (quoting *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (collecting cases)); *see also Sonner*, 971 F.3d at 839, 844 (affirming Rule 12(b)(6) dismissal of UCL claim where plaintiff did not establish an inadequate remedy at law); *Int'l Westminster Bank Ltd. v. Fed. Deposit Ins. Corp.*, 509 F.2d 641, 644 (9th Cir. 1975) (affirming dismissal of complaint that was "plainly deficient in its attempt to allege basic equity jurisdiction"); *O'Shea v. Littleton*, 414 U.S. 488, 499, 502 (1974) (noting complaint seeking equitable relief failed where it did not "establish the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law"); *Bonner v. Circuit Court of City of St. Louis*, 526 F.2d 1331, 1335-36 (8th Cir. 1975) (en banc) (affirming the district court's dismissal of complaint seeking equitable relief for failure to allege the lack of an adequate remedy at law); *Klayman v. Rao*, 49 F.4th 550, 553-54 (D.C. Cir. 2022) (same); *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (same).

The court finds the SAC's allegations are insufficient to plead an inadequate remedy at law.  The SAC's assertions that injunctive relief is necessary to remedy "environmental harm" and putative class members are unable to understand the contours California's Emissions Warranty are speculative and untethered from the specific circumstances of this case, (*see* SAC ¶¶ 121, 127-28), and those as well as the remainder of the SAC's allegations conclusory assume the inadequacy of legal damages without plausible support, (*see id.* ¶¶ 117-28).  As other courts have observed, the actual harm for which Plaintiff seeks redress—i.e., compensation for her costs of repairing the Cylinder Head because it is assertedly an "emissions-related" part that must be warranted under California regulations, (*see id.* ¶ 37)—is appropriately addressed through monetary damages. *See, e.g., Philips v. Ford Motor Co.*, 2016 WL 7428810, at *25 (N.D. Cal. Dec. 22, 2016) (noting the "ordinary and more appropriate relief" is monetary

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

damages, "not a mandatory injunction requiring [a car manufacturer] to uniformly repair and/or replace" a defect in every vehicle) (citations and internal quotation marks omitted), *aff'd*, 726 F. App'x 608 (9th Cir. 2018); *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) (dismissing claims for equitable relief because "[c]ourts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect, and reject the argument that injunctive relief requiring repair or replacement is appropriate") (quoting *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020)); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021) (alleged injury that putative class members "suffered a loss of money and/or loss in value of their class vehicles" is "exactly the type of injury for which legal remedies are appropriate") (emphasis and citations omitted).

In arguing to the contrary, Plaintiff highlights the SAC's allegations regarding the importance of "emissions-related" parts as they pertain to the environment, linking these allegations to the injunction she seeks. (*See* Opp. at 3-23.) While the court is not bound to accept as true the legal conclusion that the Cylinder Head is an "emissions-related part" as the term is defined under the California Code of Regulation, *see, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), even assuming it is, the equitable relief Plaintiff seeks essentially requires Defendant to cover the Cylinder Head under the California Emissions Warranty and advertise accordingly, (*see* SAC, Prayer for Relief, ¶ 6). The injunction she seeks does not plausibly bear on the SAC's broader allegations regarding the importance of environmental regulations on preventing environmental harm. Plaintiff maintains she seeks "public injunctive relief," (SAC ¶¶ 94-109, 129-37), but, even if that would bear on the adequacy of a legal remedy, Plaintiff's description of the injunction she seeks is not entirely accurate. "Public injunctive relief is 'relief that by and large benefits the general public . . . and that benefits the plaintiff, if at all, only incidentally and/or as a member of the general public.'" *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1152 (9th Cir. 2021) (quoting *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017)). It "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 824 (9th Cir. 2019) (quoting *McGill*, 2 Cal. 5th at 951). As noted, Plaintiff seeks redress in the form of repairs (or the cost thereof) that she maintains Defendant is obligated to shoulder for owners of vehicles containing the Cylinder Head—not relief set to benefit the public in general and herself incidentally. *See*

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

*Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 546 (9th Cir. 2021) ("[I]njunctive relief aimed at regulating the substantive terms of contractual arrangements is private injunctive relief that primarily benefits those who enter into such contracts.") (citing *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 870 (9th Cir. 2021); *Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 753 (2019)).

As to restitution, beyond conclusory allegations maintaining legal damages are insufficient, (*see* SAC ¶¶ 110-16), Plaintiff advances no sufficient factual argument why monetary damages would be an inadequate remedy for the cost of repairs she seeks and how restitution would be a superior remedy. As discussed in the context of the injunction Plaintiff seeks, courts have observed the injury Plaintiff for which Plaintiff seeks redress is typically addressed by legal damages, and this court finds no principled reason to depart from that line of authority here. *See, e.g.*, *Philips*, 2016 WL 7428810, at *25; *Clark*, 528 F. Supp. 3d at 1121; *Sharma*, 524 F. Supp. 3d at 908.

In sum, bootstrapping Plaintiff's sought reimbursement to general policy arguments supporting environmental regulations does not transform Defendant's alleged failure to reimburse her cost of repairs from a wrong addressable by legal damages into one necessitating equitable remedies. Plaintiff must still allege facts indicating she lacks an inadequate remedy at law. *See, e.g.*, *Duttleiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, *8-9 (N.D. Cal. 2015) (dismissing UCL claims where plaintiff "ha[d] not alleged facts sufficient to suggest that he is entitled to equitable relief"); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, *2-3 (N.D. Cal. 2014) ("A plaintiff seeking equitable relief must establish that there is no adequate remedy at law available."). Because she has not, the court finds the SAC is subject to dismissal. *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 & n.3 (N.D. Cal. Jan. 23, 2018) (collecting cases and noting district courts "have routinely dismissed equitable claims brought under the UCL . . . on the pleadings" where "the plaintiff fails to establish that there is no adequate remedy at law available"), *aff'd sub nom. Sonner*, 971 F.3d 834.

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01453-FWS-JDE | Date: October 31, 2023 |
| Title: Liyila Marinova v. Mazda Motor of America, Inc. *et al.* | |

### IV.  Disposition

For the reasons stated, the SAC is **DISMISSED**.  Because the court previously granted leave to amend the First Amended Complaint after the same challenge from Defendant, the SAC's allegations do not remedy the deficiencies previously identified by the court, and Plaintiff does not identify other facts consistent with the SAC and its previous iteration that would cure the deficiency, the court **DENIES** leave to amend.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint.") (citation omitted); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("[A] district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.") (internal quotation marks omitted) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The court's dismissal is **WITHOUT PREJUDICE** as to Plaintiff filing a UCL claim in state court.  *See Guzman*, 49 F.4th at 1314-15.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

___